**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES STILSON,**

    **Plaintiff,**

v.                                            Case No.  8:13-cv-1884-T-30TBM

**VALLEY FINE FOODS COMPANY,**
**WAL-MART STORES EAST, LP, and**
**BUONA VITA, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Buona Vita, Inc.'s Motion to Dismiss Count V of Plaintiff's Amended Complaint (Dkt. 4).  Plaintiff did not file a response to the motion and the response deadline has now passed.  The Court, upon review of the motion, the allegations of the amended complaint, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff James Stilson's amended complaint asserts, in relevant part, claims of negligence and breach of implied warranty of merchantability against Defendant Buona Vita, Inc., related to Stilson's ingestion of Five Cheese-Filled Rigatoni with Meatballs ("Rigatoni") Buona Vita distributed to the general public.

Buona Vita argues that the negligence claim (Count V of the amended complaint) is subject to dismissal under Rule 8(a) of the Federal Rules of Civil Procedure because the facts alleged are insufficient to "prove negligence" by Buona Vita or a "causal link to Plaintiff's illness." (Dkt. 4). The Court disagrees.

As an initial matter, Buona Vita mistakenly relies on Rule 8(a) as a basis for the negligence claim's dismissal. Federal Rule of Civil Procedure 8(a) states:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Stilson's amended complaint and Count V in particular clearly comply with Rule 8(a)'s requirements.

Buona Vita should have brought its motion under Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations."

Buona Vita's motion is denied under Rule 12(b)(6) because the factual allegations are sufficient to establish a negligence claim. The elements of a Florida negligence claim are: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) an injury to the plaintiff that was legally caused by the defendant's breach; and (4) damages as a result of the injury. *See Sorel v. Koonce*, 53 So. 3d 1225, 1227 (Fla. 1st DCA 2011).

Stilson alleges that Buona Vita owned, operated, and maintained a food production and distribution facility and that Buona Vita's products were distributed for sale to the general public, including in Pasco County, Florida, where Stilson purchased and consumed the unfit Rigatoni. Stilson alleges that Buona Vita knew or should have known that the Rigatoni sold to Sam's Club (where Stilson purchased the Rigatoni) was not inspected for fitness of consumption. Stilson alleges that he purchased the Rigatoni from Sam's Club in May 2012, ingested the Rigatoni in May 2012, and, within a few days, became extremely ill and was hospitalized. Stilson alleges that Buona Vita owed a duty to consumers like Stilson to take reasonable precautions to ensure that the food it produced and distributed was safe for consumption and Buona Vita breached that duty and was negligent by: (1) failing to discover that the food consumed by Stilson was not fit for consumption; (2) failing to prepare the food consumed by Stilson in such a way that any impurities were destroyed; (3) failing to warn Stilson about any potential dangers that existed or may exist in consuming Buona Vita's food; and (4) failing to act reasonably under all of the circumstances.

Stilson also contends that Buona Vita knew or should have known that the food was not in a wholesome and safe condition and that, as a direct and proximate result of Buona Vita's negligence, Stilson sustained injuries and damages. These allegations are sufficient to state a negligence claim. Buona Vita's arguments to the contrary are without merit.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Buona Vita, Inc.'s Motion to Dismiss Count V of Plaintiff's Amended Complaint (Dkt. 4) is DENIED.

2. Defendant Buona Vita, Inc. shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1884.mtdismiss4.frm